IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JARROD ROBERTS,

    Petitioner,

v.                                                        Case No. 1:21-cv-152-AW-MJF

RICKY D. DIXON,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING § 2254 PETITION

A Florida jury convicted Petitioner Jarrod Roberts of sexual battery, and the court sentenced him to 30 years' imprisonment. Roberts filed a pro se § 2254 petition, the State responded, and Roberts filed a reply. The magistrate judge then prepared a thorough and comprehensive report and recommendation, concluding that Roberts is not entitled to relief. ECF No. 26. Roberts filed objections. ECF No. 27.

I have carefully considered the report and recommendation, and I have conducted a careful de novo review of the issues raised in Roberts's objections. I have determined the report and recommendation should be adopted, and I now incorporate it into this order.

All of Roberts's objections are overruled. A substantial portion of the objections take issue with the magistrate judge's recitation of the facts. But none of

1

the supposed inaccuracies makes any difference. For instance, Roberts contends the magistrate judge wrongly says the outdoor area where the assault took place was not secluded. ECF No. 27 at 2 ("There's no secluded areas in downtown Gainesville."). The report and recommendation says Roberts took the victim "into a dark area (a recessed driveway adjacent to an abandoned building)," and that is supported by the record. But either way, even if the magistrate judge had mischaracterized this part of the facts (and he did not), it would make no difference.

Roberts also contends that the victim testified there was no vaginal penetration. The victim testified that Roberts's penis touched her vagina and that the vaginal sex was nonconsensual. In addition, a doctor testified that the medical exam was consistent with penetration. Finally, Roberts himself testified that there was vaginal penetration. Thus, to the extent he now says the magistrate judge should not have concluded there was penetration, his objection is overruled.

Roberts also says the magistrate judge "is factually incorrect where he states the alleged victim is grabbed by the neck." ECF No. 27 at 3. Instead, he says, "[t]he alleged victim never testified to being grabbed by the neck." *Id.* Again, Roberts misstates the record. The victim testified this way: "Q: What happens when you try to get up? A: He forces me back to the ground. He grabs me by my neck." ECF No. 16-2 at 73. That objection, too, is overruled. Same for the objection that "[t]he magistrate is factually incorrect where he states the doctor's examination showed

signs of hands forcefully around the alleged victim's neck." ECF No. 27 at 5. The doctor did so testify. ECF No. 16-3 at 41-43.

According to Roberts, the magistrate judge mispresented the ground five claim. I do not find this to be so, but I have nonetheless reviewed de novo the entirety of the ground five claim and find it to be without merit.

I have considered all objections, including those not detailed here. Each and every objection is OVERRULED.

The clerk will enter a judgment that says, "The § 2254 petition is denied." A certificate of appealability is DENIED.

Roberts's "Motion for Judicial Notice" (ECF No. 20) is DENIED.

The clerk will close the file.

SO ORDERED on July 3, 2023.

s/ *Allen Winsor*  
United States District Judge